**DOOR SYSTEMS, INC., Plaintiff–Appellant, Cross–Appellee,**

v.

**PRO–LINE DOOR SYSTEMS, INC., Defendant–Appellee, Cross–Appellant.**

**Nos. 97–1077, 97–1162.**

United States Court of Appeals, Seventh Circuit.

Submitted July 10, 1997.

Decided Oct. 8, 1997.

Robert G. Epsteen (submitted on briefs), George Bullwinkel, Harold J. Fassnacht, Eric F. Greenberg, Bullwinkel Partners, James Maher, Chicago, IL, for Plaintiff-Appellant, Cross–Appellee.

Todd S. Parkhurst, Gardner, Carton & Douglas, Thomas Bradley, Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Mary J. Schwartz, Chicago, IL, Terry Sullivan, Rolling Meadows, IL, for Defendant–Appellee in No. 97–1077.

Terry Sullivan, Nancy J. Nicol, Judy Chessick, Rolling Meadows, IL, Marty J. Schwartz, Chicago, IL, for Defendant–Appellant in No. 97–1162.

Before POSNER, Chief Judge, and CUMMINGS and DIANE P. WOOD, Circuit Judges.

POSNER, Chief Judge.

The last time this trademark and deceptive practices case was before the court, we affirmed the judgment for the defendant. 83 F.3d 169 (7th Cir.1996). The defendant then moved in the district court for an award of attorneys' fees under both section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), which authorizes an award of fees to the prevailing party in a trademark dispute "in exceptional cases," and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a(c), which provides that the court "may" award attorneys' fees to the prevailing party in a suit under the Act. The magistrate judge found that the plaintiff had not brought this suit in bad faith, and he therefore declined to award attorneys' fees under the Lanham Act. But he did award fees under the Illinois statute.

The briefs haggle inconclusively over the proper standard for an award of fees under the Illinois statute. The Illinois Appellate Court is divided over whether bad faith is required when it is the defendant that

is seeking fees, or whether it is enough that there are "special circumstances," compare *Haskell v. Blumthal*, 204 Ill.App.3d 596, 149 Ill.Dec. 619, 623, 561 N.E.2d 1315, 1319 (1990), with *Graunke v. Elmhurst Chrysler Plymouth Volvo, Inc.*, 247 Ill.App.3d 1015, 187 Ill.Dec. 401, 405–06, 617 N.E.2d 858, 862–63 (1993), and if the latter, what those special circumstances are. Compare *id.* at 406–07, 617 N.E.2d at 863–64 with *Washington Courte Condominium Association–Four v. Washington–Golf Corp.*, 267 Ill.App.3d 790, 205 Ill.Dec. 248, 271–72, 643 N.E.2d 199, 222–23 (1994). The Supreme Court of Illinois has not resolved these conflicts.

In arguing over the standard, the parties have overlooked a simple point. Nowhere did the magistrate judge articulate or apply a standard; instead, he treated the Illinois statute as if it gave the prevailing party, plaintiff or defendant, an *automatic* right to attorneys' fees. Clearly, it does not; on that point all the Illinois cases are in agreement. E.g., *Majcher v. Laurel Motors, Inc.*, 287 Ill.App.3d 719, 223 Ill.Dec. 683, 690, 680 N.E.2d 416, 424 (1997); *Grove v. Huffman*, 262 Ill.App.3d 531, 199 Ill.Dec. 830, 835, 634 N.E.2d 1184, 1189 (1994); *Prior Plumbing & Heating Co. v. Hagins*, 258 Ill.App.3d 683, 197 Ill.Dec. 84, 87, 630 N.E.2d 1208, 1211 (1994). We could return the issue to the district court, and ask it to pick a standard; but that would delay the resolution of this case. We think it reasonably plain that bad faith is too narrow a standard. Even if a suit is brought in good faith, it could be so lacking in merit or so burdensome to defend against as to be oppressive, in which event the defendant would have a powerful equitable claim to recover a reasonable attorneys' fee. We cannot find any indication that the Illinois statute was intended to create the kind of dual standard—whereby a prevailing plaintiff is entitled to an award of attorneys' fees as a matter of course while a prevailing defendant is entitled to an award of attorneys' fees only if the suit is frivolous—that the federal courts have found to be latent in statutes governing the award of attorneys' fees in civil rights cases. E.g., *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Methodist Hospitals, Inc. v. Sullivan*, 91 F.3d 1026, 1030 (7th Cir.1996). That dual standard is supported by legislative history and by concern that without it fear of being forced to pay the defendants' fees would unduly discourage the bringing of a class of suits that serve important public ends. The Supreme Court has rejected the analogy of the civil rights statutes in construing the attorneys' fees provision of the Copyright Act, a provision worded almost identically to the provision in the Illinois statute. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 521–33, 114 S.Ct. 1023, 1025–32, 127 L.Ed.2d 455 (1994).

In *Haskell*, it is true, the Illinois Appellate Court held that a dual standard should be impressed on the Illinois Consumer Fraud and Deceptive Business Practices Act. But, in the first place, its holding has been rejected by another division of the court, as we noted. In the second place, *Haskell* acknowledges that the dual standard need not be the same in different classes of case and that in fact "the scrutiny placed upon the criteria for fee awards to the defense in [civil rights] cases may logically be more stringent than that imposed in proceedings to vindicate consumers' rights." 149 Ill.Dec. at 623, 561 N.E.2d at 1319. In the third place, the court was concerned with the possible effect of potential liability for a defendant's attorneys' fees in deterring consumers from filing small claims, *id.* at 622–23, 561 N.E.2d at 1318–19—and our case is not a suit by a consumer. In the fourth place, the court relied for the dual-standard approach on our decision in *Bittner v. Sadoff & Rudoy Industries*, 728 F.2d 820 (7th Cir.1984), a case that *Haskell* interprets as holding that in ERISA cases attorneys' fees "should be awarded to defendants only when the suit brought against them is frivolous." *Id.* at 622, 561 N.E.2d at 1318. This is an incorrect interpretation. *Bittner* holds, anticipating *Fogerty*, that there is no dual standard under ERISA. 720 F.2d at 829–30. Neither *Fogerty* nor *Bittner* bears directly, or perhaps even indirectly, on the interpretation of the Illinois statute; our point is only that *Bittner*, having rejected a dual standard for the award of attorneys' fees under ERISA, can hardly be thought authority for adopting a dual standard for the award of attorneys' fees under the Illinois statute.

■ Whether or not there is a formal dual standard under the Illinois statute, plaintiffs and defendants are differently circumstanced and so a uniform standard may not have a uniform impact; the "special circumstances" that warrant an award to a plaintiff may not be the same as those that warrant an award to a defendant. Nor need all plaintiffs, or all defendants, be treated the same. We have noted that this is not a case in which the plaintiff is a consumer; nor, we add, is it a case in which there is a gross disparity in resources between the parties. We think it is helpful, in a case in which the defendant is asking for fees, to ask, by way of clarification or particularization of the "special circumstances" test, whether the plaintiff's suit was oppressive—was something that might be described not just as a losing suit but as a suit that had elements of an abuse of process, whether or not it had all the elements of the tort. That would not be the right question if the plaintiff had prevailed and was seeking the award of attorneys' fees. In such a case the focus would be on whether the defendant had lacked a solid justification for the defense or had put the plaintiff to an unreasonable expense in suing.

The district court rebuffed the defendant's effort to obtain by cross-appeal additional fees under the Lanham Act beyond what was awarded under the Illinois statute, those fees having been properly limited to the defendant's efforts in defending itself against that aspect of the suit. *Gorenstein Enterprises, Inc. v. Quality Care–USA, Inc.,* 874 F.2d 431, 437 (7th Cir.1989). The court ruled that to recover attorneys' fees under section 35(a) of the Lanham Act, the defendant must show that the plaintiff in prosecuting the suit had been acting in bad faith. If this were the correct standard, the cross-appeal would fail, because the magistrate judge's finding that the plaintiff had not acted in bad faith in bringing this suit was not clearly erroneous and a determination of bad faith is reviewable only for clear error. We so held in *Sands, Taylor & Wood Co. v. Quaker Oats Co.,* 978 F.2d 947, 962 (7th Cir.1992), another trademark case, and we do not consider the holding overruled by the Supreme Court's recent decision in *Ornelas v. United States,* — U.S. ——, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996), which held that a district court's

determination of probable cause to search or arrest is subject to plenary appellate review. The Court based its ruling on considerations peculiar to constitutional cases, and did not suggest that determinations of all "mixed questions of fact and law" (that is, questions about the application of a legal standard to the particular facts of a case) are subject to plenary review. See *United States v. Mills,* 122 F.3d 346, 350 (7th Cir.1997). Bad faith, like negligence, is a traditional jury issue, implying deferential review; and it is hard to see why less deference should be paid the trier of fact when it happens to be a judge rather than a jury. The issue is fact-bound, uniformity by plenary appellate review is unattainable, and there are not the constitutional sensitivities that influenced the holding of *Ornelas.* See *Cooter & Gell v. Hartmarx,* 496 U.S. 384, 404–05, 110 S.Ct. 2447, 2460–61, 110 L.Ed.2d 359 (1990).

■ But bad faith is not the correct standard for determining whether to award attorneys' fees to the defendant in a Lanham Act case. The canonical formula in this and the other circuits is "malicious, fraudulent, deliberate, or willful." E.g., *FASA Corp. v. Playmates Toys, Inc.,* 108 F.3d 140, 143 (7th Cir.1997); *BASF Corp. v. Old World Trading Co.,* 41 F.3d 1081, 1099 (7th Cir.1994); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading USA Co.,* 112 F.3d 1296, 1305 (5th Cir.1997); *Committee for Idaho's High Desert, Inc. v. Yost,* 92 F.3d 814, 825 (9th Cir.1996). In BASF we rejected the equation of "deliberate" to "in bad faith," pointing out that a party's acts could be "deliberate" without being in bad faith. 41 F.3d at 1099. It is true that the observation was made in a case in which the infringer was being asked to pay. Most of the cases involving the standard for awarding attorneys' fees are of that type. One firm might copy another's trademark believing in good faith that it was privileged to do so; it would be acting deliberately, and so could be ordered, in the discretion of the district court, to pay the other party's attorneys' fees, but it would not be acting in bad faith. But where it is the alleged victim of the infringement that is being asked to pay the other side's attorneys' fees, it is difficult to understand how "deliberateness" would pick out a class of "exceptional cases" (the statutory lan-

**1032**

guage glossed by the "malicious, fraudulent, deliberate, or willful" formula). Bringing a suit, as the plaintiff did here, is a deliberate act, always; if this is enough to make the suit an "exceptional case," then all cases in which the winning party is the defendant could be thought deliberate. Yet it is not difficult to imagine how a suit brought in good faith and lost could be thought so "exceptional" as to warrant the award of attorneys' fees to the defendant. As we said in discussing the same question under the Illinois statute, a suit can be oppressive because of lack of merit and cost of defending even though the plaintiff honestly though mistakenly believes that he has a good case and is not trying merely to extract a settlement based on the suit's nuisance value. Cf. *Bittner v. Sadoff & Rudoy Industries, supra,* 728 F.2d at 830.

The circumstances that are exceptional when the infringer is being asked to pay the victim's attorneys' fees need not be exceptional when the shoe is on the other foot. It would not do justice to the statutory word "exceptional" (not found in the Copyright Act's attorneys' fee provision, incidentally) to say that any time a plaintiff loses, the district court can award attorneys' fees to the defendant merely because the plaintiff acted deliberately, albeit in perfect good faith, in bringing the suit. But between good faith as a safe harbor and deliberateness as an automatic basis for awarding fees is the category of oppressive suits, fairly described as exceptional, in which the case for an award of fees to the defendant is compelling.

■ It remains to apply the standard to the facts, but that is a job in the first instance for the district court, subject to the light review of the clear-error standard. Whether the plaintiff's suit is fairly regarded as oppressive—our gloss of both the Illinois and Lanham Act standards for awarding attorneys' fees to a prevailing defendant—is the same kind of "fact" as whether the suit was brought in bad faith. For the reasons explained earlier, the determination of this fact is reviewed only for clear error.

REVERSED AND REMANDED.