132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
DORR-OLIVER, INC., Plaintiff-Appellee,
v.
FLUID-QUIP, INC. and Andrew Franko, Defendants-Appellants.
 No. 97-2706.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 10, 1997.*
Decided Dec. 30, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division No. 93 C 842 Robert W. Gettleman, Judge.
 
 
 1
 Before Hon. William J. Bauer, Circuit Judge Hon. Jesse E. Eschbach, Circuit Judge Hon. Joel M. Flaum, Circuit Judge
 
 ORDER
 
 2
 The request for attorneys' fees in this case comes to us on successive appeal. In the underlying action, Dorr-Oliver sued Fluid-Quip and its president for violations of the Lanham Act and the Illinois Consumer Fraud and Deceptive Business Practices Act. Dorr-Oliver alleged that the defendants had copied the trade dress of the plaintiff's "clamshell" starch washer, which is a piece of equipment used in the corn wet milling industry. The facts surrounding this suit are laid out in our earlier opinion, Dorr-Oliver, Inc. v. Fluid-Quip, Inc., 94 F.3d 376 (7th Cir.1996), and we need not repeat them here.
 
 
 3
 In earlier proceedings, the district court granted Dorr-Oliver's prayer for relief and enjoined Fluid-Quip from further infringement of plaintiff's trade dress. On appeal, we held that Dorr-Oliver had failed to meet its burden of establishing a likelihood of consumer confusion, and we therefore reversed the district court's award of injunctive relief. Id. at 383. On remand, the district court dismissed Dorr-Oliver's claims and entered judgment in favor of the defendants. The defendants were awarded costs, but the district court denied their request for attorneys' fees. The defendants appeal from the district court's denial of attorneys' fees.
 
 
 4
 Illinois Consumer Fraud and Deceptive Business Practices Act
 
 
 5
 The Illinois statute provides that "[i]n any action brought by a person under this section, a court may award reasonable attorney fees and costs to the prevailing party" 815 Ill. Comp. Stat. § 505/10a(c). We review the district court's decision denying fees for abuse of discretion. Cange v. Stotler & Co., 913 F.2d 1204, 1212 (7th Cir.1990).
 
 
 6
 We recently discussed the fees provision of the Illinois statute in Door Systems, Inc. v. Pro-Line Door Systems, 126 F.3d 1028 (7th Cir1997):
 
 
 7
 The Illinois Appellate Court is divided over whether bad faith is required when it is the defendant that is seeking fees, or whether it is enough that there are "special circumstances," and if the latter, what those special circumstances are. The Supreme Court of Illinois has not resolved these conflicts.
 
 
 8
 ... We think it reasonably plain that bad faith is too narrow a standard. Even if a suit is brought in good faith, it could be so lacking in merit or so burdensome to defend against as to be oppressive, in which event the defendant would have a powerful equitable claim to recover a reasonable attorneys' fee. Id. at 1029-30 (citations omitted). We then suggested that the following considerations might be relevant in identifying oppressive cases:
 
 
 9
 We think it is helpful, in a case in which the defendant is asking for fees, to ask, by way of clarification or particularization of the "special circumstances" test, whether the plaintiff's suit was oppressive--was something that might be described not just as a losing suit but as a suit that had elements of an abuse of process, whether or not it had all the elements of the tort.
 
 
 10
 Id. at 1031.
 
 
 11
 Measured against this conception of oppressiveness, Fluid-Quip's request for fees for defending against Dorr-Oliver's suit falls well short. The district court stated explicitly that the plaintiff's suit was "in the pursuit of a legitimate goal (protection of intellectual property interests) and in good faith." Furthermore, the court went out of its way to note that "based on many months of pretrial proceedings and many days of trial, the court saw no evidence of unprofessional conduct by the parties or counsel on either side."
 
 
 12
 In an attempt to counter the force of the district court's factual findings on this score, the Fluid-Quip defendants focus on a few isolated statements from this Court's earlier opinion. In the course of overturning the district court's award of injunctive relief, we stated that the plaintiff's claim was not "grounded in a plausible theory of consumer confusion", Dorr-Oliver, 94 F.3d at 383, and that the plaintiff "has not presented a plausible theory of consumer confusion, let alone one supported by the evidence", id. at 384. Our ultimate rejection of the plaintiff's legal arguments, however, does not mean that those arguments approached the level of an abuse of process. To the contrary, in a section of our opinion not quoted in Fluid-Quip's brief, we noted the difficulty of the legal issues presented in Dorr-Oliver's suit, which implicated "the delicate interplay of the patent and trademark laws in the context of product configurations." Id. Although we concluded that Dorr-Oliver's arguments below, which were convincing enough to persuade the district court to grant an injunction, failed to take adequate account of this delicate interplay, we never questioned the seriousness and good faith of Dorr-Oliver's contentions or suggested that its suit was so meritless as to be oppressive.
 
 The Lanham Act
 
 13
 Section 35 of the Lanham Act provides that the court "in exceptional cases may award attorney fees to the prevailing party." 15 U.S.C. § 117. We have interpreted this provision to provide for fees when the underlying infringement is "malicious, fraudulent, deliberate, or willful." Door Systems, 126 F.3d at 1031. Although the two statutes contain different language, the substantive inquiry for awarding fees to defendants under both the Lanham Act and the Illinois Consumer Fraud and Deceptive Practices Act is virtually identical: We ask "[w]hether the plaintiff's suit is fairly regarded as oppressive--our gloss of both the Illinois and the Lanham Act standards for awarding attorneys' fees to a prevailing defendant". Id. at 1032. Thus, our discussion of Fluid-Quip's request for fees under the Illinois statute essentially answers its request for fees under the Lanham Act, as well. Despite Fluid-Quip's assertions to the contrary, our earlier decision against Dorr-Oliver does not constitute a finding that Dorr-Oliver's suit was so devoid of merit as to be oppressive, an abuse of process, or anything of the kind.
 
 
 14
 Fluid-Quip makes two additional arguments to support its request for fees under the Lanham Act. First, it points to Dorr-Oliver's request for actual damages. The district court dismissed this request prior to trial, holding that "because there was no proof of any actual customer confusion, Dorr-Oliver was not entitled to recover 'actual damages' under the Lanham Act § 1117." Dorr-Oliver, Inc. v. Fluid-Quip, Inc., 894 F.Supp. 1190, 1205 (N.D.Ill.1995). This request for actual damages in the absence of actual customer confusion, Fluid-Quip argues, is an "illustration of Dorr-Oliver's propensity to pursue unfounded claims." Fluid-Quip cites no authority for the remarkable proposition that dismissal of one component of a plaintiff's requested remedy justifies an award of fees, and we do not understand Fluid-Quip to be arguing that the dismissal alone should have this effect. Rather, Fluid-Quip asserts this claim to bolster its argument that Dorr-Oliver's suit was an act of harassment. We have already explained why we disagree with this assessment of Dorr-Oliver's claims. The dismissal of Dorr-Oliver's request for money damages does not change our evaluation.
 
 
 15
 Second, Fluid-Quip asserts that Dorr-Oliver sued not to vindicate its trademark rights, but to maintain its monopoly position in the clamshell starch washer market by imposing the costs of defending the suit on Fluid-Quip, a much smaller company. According to Fluid-Quip, Dorr-Oliver prosecuted its meritless suit for three years in order to drive the defendant out of the industry. This claim, however, merely reiterates Fluid-Quip's argument that the plaintiff's lack of success on the merits makes its case oppressive. Fluid-Quip presents no evidence to support its monopoly theory, except to point to the implausibility of Dorr-Oliver's claims of trade dress infringement. Again, to suggest that Dorr-Oliver's trade dress claims were a sham overstates the weakness of Dorr-Oliver's suit, and we cannot agree that the district court abused its discretion in refusing to award fees on this basis.
 
 Conclusion
 
 16
 For the reasons presented, we affirm the decision of the district court.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record See FED. R. APP. P. 34(a); Cir. R. 34(f)