**Diane JANIKOWSKI Plaintiff,**

v.

**LYNCH FORD, INC.; Lynch Chevrolet, Inc.; Frank J. Lynch Motors, Inc.; H.D. Enterprises of Chicago, Inc.; Lynch C hrysler/Plymouth/Jeep/Eagle, Inc.; all doing business as the Lynch Auto Group, Defendants.**

**No. 98 C 8111.**

United States District Court, N.D. Illinois, Eastern Division.

Nov. 4, 1999.

Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Christopher R. Zink, Edelman, Combs & Latturner, Chicago, IL, for Plaintiff.

Hall Adams III, Matin D. Snyder, Williams & Montgomery Ltd., Steven D.

Welhouse, Johnson & Bell, Ltd., Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

DENLOW, United States Magistrate Judge.

Plaintiff Diane Janikowski ("Plaintiff") filed her amended class action complaint against Defendants on February 2, 1999, seeking relief under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et.seq., the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et.seq. ("Illinois Consumer Fraud Act" or "ICFA"), and common law unjust enrichment. On July 15, 1999, Plaintiff's claims against all Defendants, except Lynch Ford, Inc., were dismissed for lack of standing. *Janikowski v. Lynch Ford Inc.*, 1999 WL 519300, 1999 U.S. Dist. LEXIS 11270 (N.D. Ill. July 15, 1999, Judge Suzanne B. Conlon). Plaintiff's motion for class certification was also denied. On August 4, 1999, summary judgment was entered for remaining Defendant Lynch Ford, Inc. *Janikowski v. Lynch Ford, Inc.*, 1999 WL 608714, 1999 U.S. Dist. LEXIS 12258 (N.D. Ill. August 4, 1999, Judge Suzanne B. Conlon). Plaintiff has appealed this ruling to the Seventh Circuit Court of Appeals. Now before this Court is Defendants' post-judgment motion for fees and costs pursuant to the ICFA. For the reasons set forth below, Defendants' motion is denied.

## I. APPLICABLE STANDARD FOR AN AWARD OF FEES TO PREVAILING DEFENDANTS UNDER ILLINOIS CONSUMER FRAUD ACT.

### A. Illinois Courts Are Divided Concerning the Applicable Standard for an Award of Fees to a Prevailing Defendant under the ICFA.

The ICFA provides that "[i]n any action brought by a person under this Section, the Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party." 815 Ill. Comp. Stat. § 505/10a(c). The clear and unambiguous language of the statute provides that a prevailing defendant may be awarded fees and costs. *See Graunke v. Elmhurst Chrysler Plymouth Volvo, Inc.*, 247 Ill.App.3d 1015, 1020, 187 Ill.Dec. 401, 617 N.E.2d 858, 862 (2d Dist.1993); *Haskell v. Blumthal*, 204 Ill.App.3d 596, 599, 149 Ill.Dec. 619, 561 N.E.2d 1315, 1317 (4th Dist.1990). In an action in federal court where the issue is one of state law, the Court must first look to Illinois courts for an interpretation of state law.

The Illinois Appellate Courts are divided over the appropriate standard for awarding fees to a prevailing defendant. Four recent Illinois Appellate Court decisions have discussed the issue. In *Haskell*, 204 Ill.App.3d at 602, 149 Ill.Dec. 619, 561 N.E.2d at 1318, the Fourth District held that in the absence of "bad faith" on the part of the plaintiff in bringing suit, prevailing defendants are not entitled to an award of attorney's fees and costs. The First District in *Washington Courte v. Washington-Golf Corp.*, 267 Ill.App.3d 790, 826, 205 Ill.Dec. 248, 643 N.E.2d 199, 223 (1st Dist.1994), also applied a "bad faith" standard for an award of attorney's fees and costs to a prevailing defendant under the ICFA. Furthermore, *Casey v. Jerry Yusim Nissan, Inc.*, 296 Ill.App.3d 102, 230 Ill.Dec. 575, 694 N.E.2d 206 (3d Dist.1998), a Third District case, weighs in on the side of *Haskell*. In *Graunke*, 247 Ill.App.3d at 1020, 187 Ill.Dec. 401, 617 N.E.2d at 862, however, the Second District found nothing in the ICFA that limited the court to a "bad faith" standard. The court in *Graunke* held that the award of fees rests in the trial court's discretion and although no single factor is controlling, a court should consider: 1) the degree of the opposing party's culpability or bad faith; 2) the ability of the opposing party to satisfy an award of fees; 3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; 4) wheth-

er the party requesting fees sought to resolve a significant legal question; and 5) the relative merits of the parties' positions. *Id.* at 1022–1023, 187 Ill.Dec. at 406–407, 617 N.E.2d at 863–864.

Contrary to Plaintiff's contention, the conflict concerning the standard has not been resolved by the Illinois Supreme Court. The Supreme Court in *Cruz v. Northwestern Chrysler Plymouth Sales, Inc.* ., 179 Ill.2d 271, 227 Ill.Dec. 960, 688 N.E.2d 653 (1997), recognized that the fee shifting provision of the ICFA, "was designed to encourage plaintiffs who have a cause of action to sue even if recovery would be small." *Id.* at 280, 227 Ill.Dec. 960, 688 N.E.2d at 657 (citing *Haskell*, 204 Ill.App.3d at 602, 149 Ill.Dec. 619, 561 N.E.2d at 1319). Yet, the court never directly addressed the standard for an award to a prevailing defendant. Rather, the court's decision was limited to the issue of whether an arbitrator should decide the issue of statutory fees for plaintiffs where the cause of action was submitted to mandatory court-annexed arbitration. *Id.* The case did not decide the question of what standard should be applied for a fee award to prevailing defendants.

### B. The Seventh Circuit Has Held that an "Oppression" Standard Should Be Applied Under the ICFA in the Absence of an Illinois Supreme Court Decision.

Due to the unresolved split among the Illinois courts, this Court turns to the precedent set forth in this jurisdiction regarding statutory fee awards under the ICFA. *See Door Systems, Inc., v. Pro–Line Door Systems*, 126 F.3d 1028, 1030 (7th Cir. 1997). In *Door Systems*, the Seventh Circuit Court of Appeals held that by way of clarification or particularization of the "special circumstances" test, the Court would examine whether the plaintiff's suit was "oppressive" when determining whether prevailing defendants are entitled to an award of fees and costs under the ICFA. *Id.* at 1031. The Seventh Circuit stated that it is "reasonably plain" that "bad faith" is too narrow a standard. *See id.* at

1030. The court reasoned that even where a suit was brought in good faith, the claim could be so lacking in merit or so burdensome to defend against as to be oppressive. *See id.* In such a situation, the court found that the defendant would have a "powerful equitable claim to recover a reasonable attorneys' fees." *Id.*

■ Therefore, the standard of "oppression" may also be applied in an ICFA case where the defendant is the prevailing party. Oppression is defined as "something that might be described not just as a losing suit but as a suit that had elements of an abuse of process, whether or not it had all the elements of the tort." *Id.* The court in *Door Systems* further stated that a suit can be oppressive because of lack of merit and cost of defending even though the plaintiff honestly, though mistakenly, believes that she has a good case and is not merely trying to extract a settlement based on the suit's nuisance value. *Id.* at 1032. Therefore, the issue before this Court is whether this case falls in the "exceptional" category as a case of "oppression."

### C. The Parties Have Agreed that the Outcome Will Be the Same Regardless of Whether the "Bad Faith" or "Oppression" Standard Applies.

Any significant distinction between the "bad faith" standard and the "oppression" standard is not overtly apparent. Indeed, the parties in the present case agree that any potential difference between the standards of "bad faith" and "oppression" does not affect the outcome. Furthermore, at oral argument both parties indicated that they did not dispute the application of either the "bad faith" or "oppression" standard. Defendants made clear that they sought fees only under the ICFA. Moreover, Defendants further represented that they did not seek an award under any federal statutes. Thus, only the application of the ICFA concerns this Court.

## II. PREVAILING DEFENDANTS ARE NOT ENTITLED TO AN AWARD OF ATTORNEY'S FEES AND COSTS.

### A. Plaintiff's Suit Does Not Justify an Award of Fees to Defendants.

Whether the standard is "bad faith" or "oppression," the suit filed by Plaintiff and the course of litigation that ensued does not justify an award of attorney's fees and costs to Defendants. Plaintiff brought suit against Lynch Ford and other separate corporate entities sharing the Lynch name. Defendants assert Plaintiff's suit was brought in bad faith because she had no direct business dealing with Defendants other than Lynch Ford. Defendants contend that Plaintiff demonstrated bad faith because Plaintiff's complaint failed to allege facts necessary to justify disregarding separate corporate identities, thus resulting in the dismissal of all Defendants other than Lynch Ford. Defendants also contend that Plaintiff knew when filing her complaint that the allegations did not give rise to a cause of action.

### 1. The Court's Ruling on the Motion to Dismiss Does Not Support An Award of Fees.

■ In granting Defendants' motion to dismiss, Judge Conlon did not indicate in any manner that Plaintiff's suit was oppressive or filed in bad faith. *Janikowski,* 1999 WL 519300, 1999 U.S. Dist. LEXIS 11270 (N.D.Ill. July 15, 1999). Although the court ultimately granted in part Defendants' motion to dismiss, the dismissal of the suit against all Defendants other than Lynch Ford does not support an award of fees. The court found that Plaintiff did allege some facts to support disregarding separate corporate entities. *Id.,* 1999 WL at *1, 1999 U.S.Dist. LEXIS at *4–5. Specifically, the court found Plaintiff's allegations demonstrated that Defendants shared employment resources and did not observe corporate boundaries. *Id.,* 1999 WL at *1, 1999 U.S.Dist. LEXIS at *5. However, this did not permit the conclusion that corporate funds were commingled generally. *Id.* Consequently, the court found the allegations incomplete because Plaintiff failed to address the issue of under-capitalization. *Id.*

Plaintiff's failure to allege sufficient facts to pierce Defendants' corporate veil does not justify an award of fees. Defendants suggest that the dismissal of four of five Defendants demonstrates Plaintiff's bad faith or oppression. Plaintiff sufficiently alleged a colorable basis for naming each of the Defendants in her lawsuit. Plaintiff argued on the motion to dismiss, and now argues on appeal to the Seventh Circuit Court of Appeals, that a plaintiff complaining of a scheme engaged in by several defendants has standing to sue each of those defendants even though the plaintiff did not deal with each individual defendant.

Although Plaintiff's position does not represent the well-settled law of this jurisdiction, Plaintiff provided sufficient support for a good faith argument for extension of the law. In support of her proposition, Plaintiff cited *United States v. ACB Sales & Service, Inc.,* 590 F.Supp. 561, 574–575 (D.Ariz.1984). In *ACB Sales* the court concluded that it was reasonable to hold several companies liable as a single enterprise based in part on the public appearance of the companies. *Id.* at 575 (commenting that the letterhead and logo of each of the companies indicates that it is part of a larger company). Also in support of its conclusion, the court recognized an interdependent relationship between the companies. *Id.* Furthermore, Plaintiff's position is supported by *La Mar v. H & B Novelty & Loan Co.,* 489 F.2d 461, 466 (9th Cir.1973), in which the court suggested that where plaintiff's injuries were the result of a "conspiracy or concerted schemes between the defendants," plaintiff may represent a class although plaintiff only dealt with one individual defendant.

2. The Plaintiff's Argument in Opposition to the Motion for Summary Judgment Does Not Support an Award of Fees.

On Defendants' motion for summary judgment Judge Conlon found that there was no violation of the ICFA because Plaintiff failed to demonstrate that Defendants deceived Plaintiff. *Janikowski*, 1999 WL 608714, *4, 1999 U.S. Dist. LEXIS 12258 *11 (N.D.Ill. August 4, 1999). Defendants argue that Plaintiff brought her claim in bad faith because her deposition testimony was at odds with her complaint.

Defendants argue that Plaintiff's deposition illustrates that she was not defrauded or deceived, nor given inadequate TILA disclosures. Defendants suggest that because Plaintiff was aware of the "contingency" of the initial financing contract and because Plaintiff "voluntarily" signed the second retail installment contract she could not have been deceived or defrauded. This argument fails because Plaintiff's contention is that Lynch Ford knew that Plaintiff was not qualified for the lower interest rate at the time she signed the first contract. Plaintiff contends that Lynch was engaged in a "bait" and "switch" scheme. Plaintiff provides support for her argument that coercion is not required in order to find unfair and deceptive practices. *See In re: Peacock Buick, Inc.*, 86 FTC 1532 (1975). Plaintiff further supports her position with *Brown v. Marquette S & L Ass'n*, 686 F.2d 608, 614 (7th Cir.1982), in which the court held that a borrower need not have been deceived in order to recover the statutory penalty. *See also Smith v. Chapman*, 614 F.2d 968 (5th Cir.1980); *Dzadovsky v.. Lyons Ford Sales, Inc.*, 593 F.2d 538 (3d Cir.1979).

**B. Plaintiff's Manner of Litigation Does Not Rise To The Level of "Oppression."**

Plaintiff's conduct in this case does not constitute "something that might be described not just as a losing suit but as a suit that had elements of an abuse of process, whether or not it had all the elements of the tort." *Door Systems*, 126 F.3d at 1031. Indeed, the present case is not comparable to a series of cases involving *S Industries, Inc.*, in which courts found that plaintiff pursued its cases in an oppressive manner. *See e.g., S Industries, Inc. v. Centra 2000, Inc.*, 1998 WL 395161 (N.D.Ill. July 9, 1998); *S Industries, Inc. v. Stone Age Equipment, Inc.*, 12 F.Supp.2d 796 (N.D.Ill.1998); *S Industries, Inc. v. Diamond Multimedia Systems, Inc.*, 17 F.Supp.2d 775 (N.D.Ill.1998).

In *Centra 2000* plaintiff alleged a trademark infringement on a mark for which plaintiff had never obtained federal registration. *Centra 2000*, 1998 WL 395161, *2. Consequently, the court concluded that plaintiff pleaded a violation of trademark law which it knew from the outset "utterly lacked merit." *Id.* In addition, defendants were forced to file a motion to compel discovery where plaintiff failed to respond to repeated discovery requests. *Id.* The court found that such lack of cooperation by the plaintiff needlessly increased the cost of the suit. *Id.* Next, plaintiff failed to comply with local rules that required the filing of a 12N statement in response to defendant's motion for summary judgment. This failure on plaintiff's part "virtually doomed its chances of prevailing" yet the litigation carried on for an additional ten months. *Id.* Finally, plaintiff filed a cross-motion for summary judgment that completely failed to address defendant's affirmative defenses. *Id.* According to the court, plaintiff brought a lawsuit requiring the other side to defend, but then failed to present a case. *Id.* The court characterized all of these actions together as "oppressive." *Id.*

In a related case, the court found that plaintiff's actions rose to the level of oppressive and awarded fees under the ICFA where the case presented serious issues about the ethics of the plaintiff's principal and his counsel as they "have appeared to have entered into a new industry"—instituting litigation lacking in merit and approaching harassment. *See Stone*

*Age Equipment,* 12 F.Supp.2d at 798. Finally, in *Diamon Multimedia Systems,* 17 F.Supp.2d at 778, the court again granted an award to defendants where the claim was "not only oppressive, but also inappropriate, frivolous, and, sanctionable." Ultimately the court held that the plaintiff's "inability to muster proper evidence to support its claim, its refusal to assist with, and active obstruction of defendant's attempt to serve material parties, and its filing and active pursuit of frivolous claims easily brings this lawsuit into the realm of oppressive." *Id.*

By comparison, Plaintiff's suit and subsequent actions do not support an award of attorney's fees and costs. Plaintiff's counsel attempted to establish new law in this circuit. Judge Conlon rejected Plaintiff's arguments and the case is now before the Seventh Circuit.

### III. CONCLUSION

In hard fought litigation there are winners and losers. This is one of those cases. However, Defendants have not presented sufficient evidence to demonstrate that Plaintiff's lawsuit or manner of litigation rises to a level of "oppression" or "bad faith" sufficient to grant attorney's fees and costs to prevailing Defendants under the Illinois Consumer Fraud Act. This is not an "exceptional" case, but rather one in which reasonable counsel can disagree. For the reasons set forth above, the Court denies Defendants' Post–Judgment Motion for Fees and Costs.