ORDER
Dr. Rick Nelson designed a metal chair or tree stand called the Easy Chair Stealth Climber, which hunters can use to hide in trees to shoot deer. Nelson then founded a corporation called Space-Age Technologies to make, market, and sell the product. After Nelson and Space-Age began marketing the Easy Chair Stealth Climber, Leo D. Stoller and S Industries, Inc. sued them under the Lanham Act, 15 U.S.C. § 1121, claiming infringement of trademark rights on the word “stealth.” The plaintiffs also alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 111. Comp. Stat. *753 505/1 et seq. The district court granted summary judgment for Nelson and Space-Age. See S Indus., Inc. v. Space Age Techs., No. 97 C 2787, 1999 WL 495484 (N.D.Ill. Jun.30, 1999). Despite awarding summary judgment for defendants, the district court denied the defendants’ Rule 54(d) motion for attorneys’ fees under either the Lanham Act, which authorizes awards of attorneys’ fees to prevailing parties in “exceptional cases,” 15 U.S.C. § 1117(a), or the Illinois Consumer Fraud and Deceptive Business Practices Act, which permits fee awards in the court’s discretion, 815 111. Comp. Stat. 505/10a(c).
On appeal Nelson and Space-Age challenge only the district court’s order denying attorneys’ fees. . Specifically, Nelson and Space-Age argue that the district court improperly required bad faith to determine whether this case was “exceptional” under the Lanham Act because — by basing its decision in part on a conclusion that the plaintiffs’ bases for filing the suit were “credible” — the court focused on the plaintiffs’ subjective reasons for filing the suit. They argue, however, that the district court should have looked only at whether the case lacked merit and was unreasonably costly to defend — standards that they assert are objective.
The Lanham Act provides that the court “in exceptional cases may award reasonable attorney fees to the prevailing party.” 15 U.S.C. § 1117(a). The standard for “exceptional cases” under the Lanham Act is those cases that are “malicious, fraudulent, deliberate, or willful.” See FASA Corp. v. Playmates Toys, Inc., 108 F.3d 140, 143 (7th Cir.1997); Door Sys., Inc. v. Pro-Line Door Sys., Inc., 126 F.3d 1028, 1031-32 (7th Cir.1997). When the prevailing party is a defendant, this standard has been interpreted to mean that he or she must establish that the suit was “oppressive,” which means it lacks merit, contains elements of an abuse of process, and is unduly costly owing to plaintiffs’ unreasonable acts. S Indus., Inc. v. Centra 2000, Inc., 249 F.3d 625, 627 (7th Cir.2001); Door Sys., Inc., 126 F.3d at 1031.
Contrary to the defendants’ arguments, the district court did focus on the objective merits of the suit rather than requiring bad faith. Indeed, the district court here specifically stated that a “finding of bad faith on the part of the plaintiff is not necessary for a prevailing defendant to prove that the case is ‘exceptional.’ ” Instead, the district court based its decision on a conclusion that, although Stoller and S Industries “did not present sufficient evidence of infringement” to create an issue for trial, Nelson and Space-Age did not “adequately support[ ] their argument that the suit was so devoid of merit” as to warrant attorneys’ fees.
Next, Nelson and Space-Age argue generally that the district court abused its discretion in denying the award because, they believe, the court erred in its finding that this suit was not oppressive or “exceptional.” But Nelson and Space-Age do not point us to any evidence in the record that leads us to disturb the district court’s conclusion.
Finally, Nelson and Space-Age argue that the court abused its discretion by applying bad faith test to decide whether attorneys’ fees were appropriate under the Illinois Consumer Fraud and Deceptive Business Practices Act’s prevailing party statute. Because the district court did not require bad faith here, we need not decide whether bad faith must be shown under the Illinois law.
The district court’s order is AFFIRMED.