PEBBLE BEACH COMPANY and PINEHURST, INC., Plaintiffs,

v.

NORTHERN BAY LLC, The Gilran Group, LLC, Tour 18 Design Group Ltd. and Dennis Wilkerson, Defendants.

No. 05 C 531 S.

United States District Court, W.D. Wisconsin.

Dec. 22, 2005.

Naikang Tsao, Foley & Lardner, Madison, WI, for Plaintiffs.

Kim Grimmer, Solheim, Billing & Grimmer, S.C., Madison, WI, for Defendants.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiffs Pebble Beach Company and Pinehurst, Inc. commenced this trademark infringement action against defendants Northern Bay LLC, The Gilran Group LLC, Tour 18 Design Group Ltd. and Dennis Wilkerson alleging several violations of the Federal Trademark Act of 1946 (Lanham Act) 15 U.S.C. § 1051 *et seq.* Plaintiffs seek both monetary damages and injunctive relief. Jurisdiction is based on 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338. The matter is presently before the Court on defendant Tour 18 Design Group's motion to dismiss for lack of personal jurisdiction. Also before the Court are defendant Dennis Wilkerson's motions to dismiss for lack of personal jurisdiction and failure to state a claim upon which relief can be granted. The following facts are those most favorable to plaintiffs.

## BACKGROUND

Plaintiff Pebble Beach Company is a California general partnership with its principal place of business in Monterey County, California. Plaintiff Pinehurst, Inc. is a North Carolina corporation with its principal place of business in the Village of Pinehurst which is located in Moore County, North Carolina.

Defendant Tour 18 Design Group Ltd. (hereinafter Tour 18) is a Texas limited partnership with its principal place of business in Spring, Texas. Defendant Dennis Wilkerson (hereinafter Wilkerson) is a resident of Texas and serves as president of Tour 18, Inc. which is a Texas corporation. Tour 18, Inc. served as general partner of defendant Tour 18 from January 28, 2002 through January 15, 2004 at which time its resignation as general partner became effective. On June 23, 2004 Tour Renovations, Inc. became general partner of defendant Tour 18. James V. Cooper II is the president of Tour Renovations, Inc. and is now listed with the Texas Secretary of State as registered agent for service of process for defendant Tour 18.

In October 2003, defendant Tour 18 entered into a contract with defendant Northern Bay, LLC (hereinafter Northern Bay) which called for defendant Tour 18 to design and supervise the construction of nine replica golf holes from famous golf courses as part of defendant Northern Bay's resort development located in Arkdale, Wisconsin. Mr. Matthew Mootz signed the contract on behalf of defendant Northern Bay and Mr. James V. Cooper signed the contract on behalf of defendant Tour 18. Two of the holes designed by defendant Tour 18 were replica holes from plaintiffs' golf courses. Specifically, defendant Northern Bay's hole number one was a replica of Pinehurst # 2, hole number three and defendant Northern Bay's hole number five was a replica of Pebble Beach hole number one.

Also in October 2003, the parties again through Mr. Mootz and Mr. Cooper signed an addendum to their contract which included language concerning representation and warranties of golf holes. The addendum stated in relevant part:

The Golf Course Architect [Tour 18] warrants that it has the right to perform the services described herein and that its finished product and Owner's right to use and advertise the golf holes as described in this Agreement will conform and adhere to all requirements set forth in Federal District Court and the Fifth Circuit Court of Appeals regarding the representation of each golf hole and the marketing requirements set within the judgment.

Defendant Northern Bay designated Mr. Mootz to serve as its representative for the Northern Bay golf course development. He stated he was responsible for overseeing the negotiations of defendant Tour 18's contract as well as the subsequent design of the course itself. Mr. Mootz communicated almost exclusively with Mr. David Relford who acted on behalf of defendant Tour 18 as its golf course designer.

Mr. Relford performed the actual design work for the Northern Bay golf course in Texas. However, Mr. Relford stated he made approximately ten trips to Wisconsin to view the land selected for the golf course prior to actual construction and once construction commenced he made subsequent trips to ensure construction was proceeding according to his design. Additionally, Mr. Relford communicated with representatives from defendant Northern Bay by telephone on various occasions and on January 12, 2004 he sent a letter to Mr. Mootz in Wisconsin which included a brief description of the replica golf holes chosen in the final routing. The parties dispute the purpose of the January 12, 2004 letter. However, the actual pur-

pose of the letter is irrelevant for deciding the motions currently before the Court.

Mr. Cooper also visited Wisconsin during the construction phase of the Northern Bay golf development. He visited the construction site on September 2, 2004 to determine how construction was progressing. Additionally, during his trip Mr. Cooper visited defendant Northern Bay's sales office and viewed promotional material. He also took some real estate marketing material with him after he completed his visit.

Defendant Wilkerson never visited Wisconsin during the Northern Bay golf development project. Additionally, he never communicated with any of defendant Northern Bay's representatives or sent any documents to defendant Northern Bay. Further, defendant Wilkerson stated he never reviewed any of defendant Northern Bay's promotional or advertising material. However, defendant Wilkerson is a limited partner of defendant Tour 18.

### MEMORANDUM

Defendant Tour 18 argues plaintiffs' amended complaint contains only one reasonably particularized basis to sustain personal jurisdiction which is the January 12, 2004 letter it provided to defendant Northern Bay. However, defendant Tour 18 asserts it did not consent to defendant Northern Bay's use of the letter in its promotional materials. Accordingly, defendant Tour 18 argues it did not commit an act within the borders of Wisconsin sufficient to sustain personal jurisdiction.

Defendant Wilkerson asserts he lacks the minimum contacts with Wisconsin required to support the Court's exercise of personal jurisdiction. Additionally, he asserts plaintiffs' amended complaint does not state a claim upon which relief can be granted because it does not allege an adequate legal basis to hold him individually responsible for the acts of any corporate defendant.

Plaintiffs argue defendant Tour 18's contacts with Wisconsin are sufficient to support specific personal jurisdiction under Wisconsin's long-arm statute. Additionally, they argue their amended complaint states a claim against defendant Wilkerson because it states he "controlled and/or directed all of the actions on behalf of Tour 18 Design Group that give rise to the claims against his company." Plaintiffs assert such language adequately states a claim against a corporate officer at the pleadings stage. However, plaintiffs request the Court defer ruling on defendant Wilkerson's motion to dismiss for lack of personal jurisdiction until they depose Mr. Relford. They assert he is the key witness for purposes of this motion and without his testimony plaintiffs argue they cannot determine the extent of defendant Wilkerson's participation in events which gave rise to the present action.

■■■■ General personal jurisdiction is proper when a defendant has "continuous and systematic general business contacts" with the forum which allows defendant to be amenable to suit within that forum regardless of the subject matter of the suit. *Steel Warehouse of Wisconsin, Inc. v. Leach,* 154 F.3d 712, 714 (7th Cir.1998) (*quoting Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). Specific jurisdiction refers to jurisdiction over defendant in a suit arising from or related to defendant's contacts with the forum. *Id.* (*citing Helicopteros Nacionales de Colombia,* at 414 n. 8, 104 S.Ct. 1868). Plaintiff bears the burden of demonstrating personal jurisdiction exists. *Mid–America Tablewares, Inc. v. Mogi Trading Co., Ltd.,* 100 F.3d 1353, 1359 (7th Cir.1996) (citations omitted).

Plaintiffs do not allege either defendant Tour 18 or defendant Wilkerson have continuous and systematic general business contacts with Wisconsin such that they are subject to general personal jurisdiction. Accordingly, the focus of the Court's analysis is the exercise of specific jurisdiction over defendants.

■ The jurisdictional question has two components. First, plaintiffs must establish defendants "come within the grasp of the Wisconsin long-arm statute." *Steel Warehouse of Wisconsin, Inc.,* at 714 (citations omitted). Should plaintiffs establish defendants are within the reach of the statute the burden shifts to defendants to demonstrate jurisdiction would violate due process. *Id.*

The only arguably applicable provisions of the Wisconsin long-arm statute are Wis. Stat. § § 801.05(3) and 801.05(4):

(3) **Local act or omission.** In any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant.

(4) **Local injury; foreign act.** In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:

(a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or

(b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

■ The Wisconsin Supreme Court determined its long-arm statute "is to be liberally construed in favor of the exercise of jurisdiction." *Mid–America Tablewares, Inc.,* at 1359 *(quoting Federated Rural Elec. Ins. Corp. v. Inland Power & Light Co.,* 18 F.3d 389, 391 (7th Cir.1994)).

Further, the long-arm statute is intended to provide for the exercise of jurisdiction over nonresident defendants to the full extent consistent with requisites of due process of law. *Flambeau Plastics Corp. v. King Bee Mfg. Co.,* 24 Wis.2d 459, 464, 129 N.W.2d 237, 240 (1964).

■ There is no question defendant Tour 18 comes within the grasp of Wisconsin's long-arm statute. Plaintiffs' amended complaint alleges injuries to their business reputations and good will within the State of Wisconsin arising from defendant Tour 18's act of sending the January 12, 2004 letter from Texas. Defendant Tour 18 argues it did not consent to defendant Northern Bay's use of the letter in its promotional material. Accordingly, it argues it did not commit an act within the meaning of the long-arm statute. However, that argument is irrelevant for purposes of this motion. The only facts relevant to this motion are: (1) defendant Tour 18 sent the letter and (2) it had a contractual obligation to warrant defendant Northern Bay's advertising. Accordingly, defendant committed an act for purposes of satisfying Wisconsin's long-arm statute. Further, it is undisputed defendant Tour 18 conducted service activities within the state pursuant to its contract with defendant Northern Bay. Accordingly, defendant Tour 18 is subject to jurisdiction under Wis. Stat. § 801.05(4).

■ Having determined defendant Tour 18 is properly subject to jurisdiction under Wisconsin's long-arm statute it is necessary to consider whether the exercise of personal jurisdiction comports with due process requirements of the Fourteenth Amendment. Due process requires that defendant must have certain minimum contacts with the forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Int'l Shoe Co. v. Wash-*

*ington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (*quoting Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)).

■ This constitutional touchstone of minimum contacts requires that "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (*quoting World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)). Accordingly, it is essential that there be some act by which defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* at 475, 105 S.Ct. at 2183 (*quoting Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–1240, 2 L.Ed.2d 1283 (1958)). This purposeful availment requirement ensures that "a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Id.* (citations and footnote omitted).

When defendant Tour 18's contacts with Wisconsin are considered in light of the foregoing standards it is readily apparent that subjecting it to personal jurisdiction in Wisconsin comports with due process. Defendant Tour 18 entered into a contract with defendant Northern Bay which is a Wisconsin company to construct replica golf holes in Wisconsin. Additionally, Mr. Relford sent the January 12, 2004 letter to Mr. Mootz in Wisconsin. Further, Mr. Relford visited Wisconsin on at least ten occasions and Mr. Cooper visited Wisconsin on one occasion. Accordingly, by coming to Wisconsin and engaging in business Defendant Tour 18 invoked the benefits and protections of Wisconsin law; at a

minimum Wisconsin provided police and fire protection for both Mr. Relford and Mr. Cooper during their visits to defendant Northern Bay's development project in Arkdale. *Afram Export Corp. v. Metallurgiki Halyps, S.A.,* 772 F.2d 1358, 1364 (7th Cir.1985) (noting that Wisconsin provided police and fire protection to buyer's agent who came to Wisconsin to inspect goods prior to shipment.) Accordingly, when defendant Tour 18's contacts with Wisconsin are taken collectively they establish it possessed sufficient minimum contacts to sustain jurisdiction. *See Mid– America Tablewares, Inc.,* at 1361–1362.

■ Finally, the Court must evaluate whether exercising personal jurisdiction over defendant Tour 18 comports with traditional notions of fair play and substantial justice. The Court finds that it does. When conducting a fair play and substantial justice analysis five factors are considered: (1) burden on defendant of having to litigate in the forum; (2) interests of the forum; (3) plaintiff's interest in obtaining relief; (4) interstate judicial system's interest in obtaining the most effective resolution of controversies; and (5) shared interests of the several states in furthering fundamental substantive policies. *Asahi Metal Indus. Co., Ltd. v. Superior Court of California,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987) (citations omitted).

■ The most important factors to consider are: (1) the interests of the states involved and (2) the relative convenience of litigating in that forum. *Kohler Co. v. Kohler Int'l., Ltd.,* 196 F.Supp.2d 690, 700 (N.D.Ill.2002) (citations omitted). Wisconsin has a substantial interest in preventing trademark infringement in this state. Accordingly, the first factor supports the exercise of jurisdiction. Additionally, defendant Tour 18 bears the burden of presenting a "compelling case" that

litigating in Wisconsin would be unreasonable. *Id.* (*quoting Burger King Corp.*, at 476–477, 105 S.Ct. 2174). Defendant Tour 18 does not argue in its brief that it would be unduly burdensome to litigate here. Accordingly, exercising personal jurisdiction over defendant Tour 18 comports with traditional notions of fair play and substantial justice.

 Defendant Wilkerson also filed a motion to dismiss the complaint as it concerns him individually on the basis of lack of personal jurisdiction. Defendant Wilkerson presented an affidavit as evidence in support of his motion to dismiss. In his affidavit defendant Wilkerson asserts: (1) his corporation Tour 18, Inc. does not own any interest in defendant Tour 18; (2) he has never visited Wisconsin; (3) he never communicated with any representatives of defendant Northern Bay; (4) he never sent documents to defendant Northern Bay; (5) he never authorized Mr. Relford to send defendant Northern Bay the January 12, 2004 letter; and (6) he never reviewed any of defendant Northern Bay's promotional materials. Once challenged with evidence plaintiff "has the obligation to establish jurisdiction by competent proof." *Id.* at 695 (*quoting Sapperstein v. Hager,* 188 F.3d 852, 855 (7th Cir.1999)). Plaintiffs cannot meet this burden.

Plaintiffs assert they cannot provide such proof because they have not deposed Mr. Relford who they assert is the key witness for purposes of this motion. However, plaintiffs deposed defendant Wilkerson himself on November 17, 2005. Defendant Wilkerson filed his motion to dismiss for lack of personal jurisdiction on November 2, 2005. He filed his affidavit in support of his motion on that day as well. Accordingly, plaintiffs had notice of defendant Wilkerson's motion before his deposition and they could have questioned him concerning the basis of his motion.

The Court will not reward plaintiffs' for their failure to secure Mr. Relford's presence at a deposition by serving him with a subpoena especially when they had notice of defendant Wilkerson's motion. Accordingly, plaintiffs' amended complaint against defendant Wilkerson must be dismissed for lack of personal jurisdiction.

Because the Court dismissed plaintiffs' amended complaint against defendant Wilkerson on the basis of lack of personal jurisdiction it need not decide his motion to dismiss for failure to state a claim upon which relief can be granted.

Finally, defendant Wilkerson asserts he is entitled to attorneys' fees because the allegations that form the basis of plaintiffs' complaint are false and oppressive. Under the Lanham Act a court may award reasonable attorney's fees to the prevailing party in exceptional cases. 15 U.S.C. § 1117(a). The party needs to prove an exceptional case exists by clear and convincing evidence. *Finance Inv. Co. (Bermuda) Ltd. v. Geberit AG,* 165 F.3d 526, 533 (7th Cir.1998) (citations omitted). Further, when a defendant is the prevailing party in an action the standard is not whether plaintiff filed the action in good faith but rather whether the action was oppressive. *S Indus., Inc. v. Centra 2000, Inc.,* 249 F.3d 625, 627 (7th Cir.2001) (*citing Door Sys., Inc. v. Pro–Line Door Sys., Inc.,* 126 F.3d 1028, 1031 (7th Cir.1997)). An action is oppressive if it lacked merit, had elements of an abuse of process claim and plaintiffs' conduct unreasonably increased the cost of defending against the suit. *Id.*

Defendant Wilkerson cannot meet his burden of proving by clear and convincing evidence that plaintiffs' action was oppressive. The Court has not reached the merits of plaintiffs' Lanham Act allegations concerning defendant Wilkerson and because the Court granted his motion to

dismiss for lack of personal jurisdiction he will not sustain increased costs for having to defend against the merits of the action. Accordingly, the Court does not find this is an exceptional case under the Lanham Act and attorney's fees will not be awarded.

ORDER

IT IS ORDERED that defendant Tour 18 Design Group's motion to dismiss for lack of personal jurisdiction is DENIED.

IT IS FURTHER ORDERED that defendant Dennis Wilkerson's motion to dismiss for lack of personal jurisdiction is GRANTED.

IT IS FURTHER ORDERED that defendant Dennis Wilkerson's motion to dismiss for failure to state a claim upon which relief can be granted is DENIED as moot.

IT IS FURTHER ORDERED that defendant Dennis Wilkerson's request for attorney's fees pursuant to 15 U.S.C. § 1117(a) is DENIED.