**S INDUSTRIES, INC., Plaintiff,**

v.

**HOBBICO, INC., et al., Defendants.**

No. 96 C 6509.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 15, 1996.

John Valas, Chicago, IL, for Plaintiff.

No appearance for Defendants.

## MEMORANDUM OPINION
## AND ORDER

SHADUR, Senior District Judge.

S Industries, Inc. ("S") appears to have entered into a new industry—that of instituting federal litigation. This marks the third of S's Complaints that have been assigned to this Court's calendar during the past few months under the random assignment system that operates in this District Court, and this Court has had occasion to note a proliferation of other actions brought by S and assigned to this Court's colleagues during the same time frame. Based on its initial consideration of the current Complaint,[1] this Court directs S's counsel to address some plainly questionable aspects of S's lawsuit.

As was also true of S's first action assigned to this Court's calendar (*S Industries, Inc. v. Kimberly–Clark Corporation, et al.*, 96 C 3916), its Complaint here is brought against a number of defendants (seven of them in this instance) and is asserted in a number of separate counts (five in this instance). And as before, the several claims are advanced both (1) in terms that would support original federal jurisdiction under the trademark laws (Lanham Act §§ 32 [15 U.S.C. § 1114, relied on in Count I] and 43(a) [15 U.S.C. § 1125(a), relied on in Counts II and III][2]) and also (2) as state-law claims under two Illinois statutes.

When S's *Kimberly–Clark* lawsuit was first filed, this Court issued a sua sponte memorandum opinion and order that similarly drew the attention of S's counsel to what appeared to be some serious problems with the Complaint there. Although that action still remains pending as a result of S's filing of an Amended Complaint there, the Complaint in this action reflects the same disturbing deficiency (and indeed what appear to be some misleading allegations in that respect) that triggered this Court's original opinion in *Kimberly–Clark*.

Complaint ¶ 13 identifies four United States trademark registrations of which S says it is the owner, assignee or exclusive licensee, each of them covering the mark "STEALTH" for a different set of products. For some reason S has attached only three of those four registrations as Complaint Group Ex. A, but those three disclose that the registrations cover only the following classes of goods:

Reg.No. 1,332,378 ("Reg. '378"):

For sporting goods, specifically, tennis rackets, golf clubs, tennis balls, basketballs, baseballs, soccer balls, golf balls, cross bows, tennis racket strings and shuttlecocks, in Class 28 (U.S.Cl. 11).

Reg.No. 1,434,642 ("Reg. '642"):

For bicycles, motorcycles and boats in Class 11 (U.S.Cl. 19).

Reg. No. 1,867,087 ("Reg. '087"):

For pool cue, pool tables, darts, billiard balls, cue cases, cue rack, billiard gloves, in Class 28 (U.S.Cl. 22).

But not one of those registrations covers the goods "fishing tackle floats (bobbers)" that are the subject of the STEALTH trademark registration that the Patent and Trademark Office has issued to one of the defendants here (Complaint ¶¶ 16–20)—nor do they cover other "fishing goods and supplies" referred to elsewhere in the Complaint.[3]

---

1. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986):

 The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

 Although the matters discussed here do not technically qualify as subject matter jurisdictional problems, their troublesome nature certainly calls for early attention by S's counsel.

2. Citations to the statutory provisions will take the form "Section —," referring to the numbering in Title 15 rather than to the internal numbering of the old Lanham Act or of the Trademark Law Revision Act of 1988.

3. It is certainly fair to assume that the registration that S omitted from Complaint Group Ex. A is at least equally problematic in that respect. If S had been on firmer ground with that one, it surely would have been expected to be annexed as part of the exhibit.

 Because the problem posed by S's misleading allegations in that regard is of the same nature that this Court referred to in its *Kimberly–Clark* opinion, this opinion will plagiarize freely from that earlier document without further attribution. Here S's lawyer continues to ignore the fundamental proposition that the perpetual monopoly that may be assisted (though it is not created) by the granting of a federal trademark registration does not apply to a name or other mark in a vacuum, but attaches only to the use of the mark on specified goods—in this instance, not at all the type of goods that have been trademarked and are being marketed by defendants here. By their very nature trademark registrations designate specified classes of goods and do *not* create a presumptive exclusive right to use the mark for entirely different goods—see (1) the excellent discussion in *Natural Footwear, Ltd. v. Hart, Schaffner & Marx,* 760 F.2d 1383, 1396 (3d Cir.1985); (2) our Court of Appeals' decision in *Miller Brewing Co. v. G. Heileman Brewing Co.,* 561 F.2d 75, 78–79 (7th Cir.1977); and (3) generally, the discussions and citations in 3 *McCarthy on Trademarks and Unfair Competition* § 24.12[2][a], at 24–104 to 24–105 (1995) and 1 Jerome Gilson and Jeffrey Samuels, *Trademark Protection & Practice* § 4.04, at 4–61 to 4–63.

It can only be assumed that S's lawyers are seeking to stake out their own entitlement to stealth—not as a trademark but as a pleading tactic. In terms of S's attempted attack on defendants' usage of the mark, the Complaint ¶ 14 allegations as to the present incontestability of Reg. '378 and Reg. '642 (marks that cover totally different goods) are irrelevant—even worse, those allegations are really misleading because such incontestability has no significance at all under the circumstances. And S's further claim that the registration by one of the defendants of the STEALTH trademark on "fishing tackle floats (bobbers)" was fraudulent because of

S's three prior registrations [4] that covered such different goods would seem to be entirely bogus.[5]

Thus S's claim of actual infringement of its registered marks appears likely to have crossed the forbidden border of legal frivolousness. And S's affirmative attacks on the limited "fishing tackle floats (bobbers)" registration referred to earlier seem equally problematic. Hence S's Count I (advanced under Section 1114) appears highly likely to fail. And under the federal law of unfair competition (embodied in Section 1125(a)), it also seems questionable whether Counts II and III can survive. Finally, S's state-law-based claims, quite apart from whether they are viable in their own terms (as contrasted with their failing for the same reasons that affect the federal claims), would of course become subject to dismissal without prejudice if they lost their federal jurisdictional anchor.

This Court is well aware that Complaint ¶ 11 asserts briefly that S "has used the trademark STEALTH on hunting and *fishing goods and supplies,* and other related comsumer [sic] products and sporting equitment [sic]" (emphasis added). But although Complaint Group Ex. B contains a proliferation of documents (19 pages in all) that show S's use of the STEALTH mark on various products, *not one* such use fits within the category of goods that this opinion has underlined in the just-quoted language. What then supports S's skeletal allegation?

What is exceedingly plain is that S and its counsel owe this Court something better by way of an explanation as to why this action—which looks to have the hallmark of a lawyer-inspired lawsuit of dubious merit—should survive here. Even though the 1993 amendments to Fed.R.Civ.P. ("Rule") 11 have rendered it toothless to a large extent, Rule 11(b) continues to condition court filings on a

---

4. S's fourth registration, Reg. '087, was later than the registration issued to a defendant about which S complains.

5. Reg. '642 covers means of transportation, but has S therefore challenged the Stealth bomber as infringing its registered mark? That would seem to require no more of a stretch than S's present effort to extend its own protected categories of goods to embrace defendants' mark. Indeed, it would seem just about as logical for someone with a head cold to charge the "Stealth bomber" with having infringed defendants' "Stealth bobber" mark (or vice versa, depending on the timing).

set of certifications by counsel. In accordance with Rule 11(c)(1)(B), this Court directs S's attorney to appear for a status hearing at 8:45 a.m. October 28, 1996 to explain how the Complaint conforms to the objective and subjective standards of Rule 11(b), rather than its constituting a violation of that provision.