In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2462

S INDUSTRIES, INC.,

Plaintiff-Appellant,

v.

CENTRA 2000, INCORPORATED and
AUTO-TROL TECHNOLOGY, INCORPORATED,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 96 C 3524--George W. Lindberg, Judge.

Argued February 27, 2001--Decided May 1, 2001

Before COFFEY, RIPPLE, and EVANS, Circuit Judges.

EVANS, Circuit Judge.  In 1996 S Industries, Inc. filed suit alleging, among other things, that Centra 2000, a producer of data management software, infringed its "Sentra" trademark in violation of the Lanham Act. In a comprehensive summary judgment order, District Judge George W. Lindberg ruled in favor of Centra 2000, finding that S Industries did not hold a federal registration for the "Sentra" mark for use on computer hardware or software. Both because S Industries' claims were, in the judge's view, completely unfounded and because its procedural maneuvering multiplied the cost of defending against the suit, Centra 2000 was awarded attorneys fees in July 1998.

Although Judge Lindberg ordered the parties to confer on the fee issue and submit a joint statement on the amount of the award, S Industries refused to tango. It failed to provide Centra 2000 with specific objections to the fees requested. Moreover, even though S Industries was granted more time to file a joint statement, it ignored the deadline and a week later filed a motion for leave to file the joint statement

instanter. Attached to this tardy motion was a "joint statement" that was never served on Centra 2000.

Not only did S Industries contest the attorney fee amounts, but a year after the award was granted, S Industries filed a motion to dismiss the award based on a "prior settlement agreement" between the parties. Judge Lindberg found that no such agreement existed and denied the motion to scratch the award. Centra 2000 then filed a motion seeking a final determination of the fee award. Originally, the hearing on this motion was scheduled for August 5,1999. However, S Industries' attorney found this date inconvenient and asked to appear by phone. The request for a telephonic appearance was denied, but the hearing was rescheduled. Although it had been given notice of the new hearing date, no one appeared on behalf of S Industries. At the conclusion of the hearing, Judge Lindberg, having reviewed all the submitted papers, awarded attorneys fees of $136,803.

S Industries then filed a motion for reconsideration, arguing that the fee amount was decided ex parte and repeating its argument that an award of attorneys fees was precluded by a prior settlement agreement. Judge Lindberg referred this motion for reconsideration to Magistrate Judge Ashman, who also held that no prior settlement agreement on attorneys fees existed between the parties. However, Judge Ashman gave S Industries the benefit of the doubt concerning the amount of the award, vacated it, and returned the matter to Judge Lindberg for further proceedings in light of the "joint statement."

Back before Judge Lindberg, the judge noted that prior to awarding fees (the $136,803), he had considered S Industries' statement. Moreover, he held that Centra 2000 had provided adequate evidentiary support for its billing rates, hours worked, and other expenses, and that S Industries never provided specific objections to these amounts. Thus, Judge Lindberg reinstated the award of $136,803 in attorneys fees. On appeal, S Industries claims that attorneys fees were not warranted, contends that a prior settlement agreement precluded the award of fees, and contests the amount of the

fees awarded.

We review a grant of attorney fees to a prevailing defendant under the Lanham Act only for clear error. Door Sys., Inc. v. Pro-Line Door Sys., Inc., 126 F.3d 1028, 1031 (7th Cir. 1997). We will not reverse a determination for clear error unless it strikes us as wrong with the force of a 5-week-old, unrefrigerated, dead fish. See Parts and Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988) (Bauer, J.).

The Lanham Act provides that the court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. sec. 1117(a). Where the defendant is the prevailing party, the standard is not whether the claimant filed suit in good faith but rather whether plaintiff's action was oppressive. Door Sys., 126 F.3d at 1031. A suit is oppressive if it lacked merit, had elements of an abuse of process claim, and plaintiff's conduct unreasonably increased the cost of defending against the suit. Id. Under the Lanham Act, an award of attorneys fees is committed to the trial court's sound discretion. BASF Corp. v. Old World Trading Co., Inc., 41 F.3d 1081, 1099 (7th Cir. 1994).

Judge Lindberg granted attorneys fees both because S Industries' trademark claims were meritless and because of the dilatory tactics it employed. Without having a federal registration for the "Sentra" mark for use on computer software, S Industries filed suit alleging infringement. Thus, from the outset, S Industries had no federallyprotected right to defend. In fact, it appears it also had no product to protect from infringement. During 4 years of litigation in this case, S Industries failed to produce evidence of a single sale of "Sentra" brand computer software or hardware. It never produced product packaging bearing the "Sentra" mark on computer-related products, nor did it present evidence of advertising for "Sentra" brand computer software. Although it claimed to have licensed the mark to third-party producers in computer-related fields, it failed to produce evidence of these alleged agreements. In fact, the only computer-related licensing agreement that S

Industries appears to have negotiated was an agreement with a producer of mouse pads. So, there never was a threat that consumers would have confused Centra 2000's highly sophisticated, customized, data management software, which is licensed to institutions in the petrochemical, aerospace, and manufacturing industries, with over-the-counter, discount mouse pads and sporting goods bearing the "Sentra" mark./1 This was not a murky case. Based solely on the weakness of S Industries' claims, Judge Lindberg acted well within his discretion in granting attorneys fees.

And there is more. Not only did S Industries forward indefensible claims, but it added to the cost and aggravation of this meritless litigation by not responding to discovery requests, repeatedly failing to properly serve or sign motions filed with the court, and failing to satisfy the requirements of the local rules of the district court. And all of this occurred before attorneys fees were granted. Even after being chided for filing an oppressive suit and losing its opposition to an award of attorneys fees, S Industries continued its antics. It refused to cooperate with Centra 2000 and provide specific objections to the requested fee amounts. It ignored a filing deadline, submitted motions late, or failed to properly file them at all. Its counsel missed a scheduled hearing and then had the gall to allege that the fee amount was intentionally determined in his absence. This last maneuver cost Centra 2000 an additional 9 months of delay and required two judges to again review S Industries' unfounded arguments. Without a doubt, this suit was oppressive and an award of attorneys fees was warranted.

Next, with annoying obstinacy, S Industries again argues that the issue of attorneys fees was decided by the parties in a prior settlement agreement. This argument has been rejected by both Judge Lindberg and Magistrate Judge Ashman, both of whom noted that no such agreement existed./2 Having twice been presented with the courts' reasoning, and without forwarding any new arguments on appeal, it is difficult to believe that S Industries can raise this issue in good faith.

We are also asked to reduce the amount of the award. However, S Industries has waived this argument by refusing to participate in the fee determination process. It had an opportunity to challenge the fee amount several years ago. It refused. It failed to cooperate with Centra 2000 and never filed specific objections to the fee schedule. Thus, Centra 2000 was denied an opportunity to respond by clarifying or supplementing its records. Moreover, a year later S Industries was given another chance to state its concerns during a hearing which its counsel neglected to attend. Having defied Judge Lindberg's order to confer with Centra 2000 concerning the fee amounts, and having failed to attend the fee determination hearing, S Industries has waived its objections. See Cleveland Hair Clinic, Inc. v. Puig, 200 F.3d 1063, 1068 (7th Cir. 2000).

Finally, we note that S Industries' behavior in this case is not isolated. As the cases collected in our first footnote show, its actions here look to be part of a pattern of abusive and improper litigation with which the company and Lee Stoller, its sole shareholder, have burdened the courts of this circuit. As Judge Gottschall in the district court noted in a different case, the company filed at least 33 trademark infringement lawsuits in the district court between 1995 and 1997. S Industries, Inc. v. Ecolab Inc., 1999 WL 162285 (N.D. Ill. Mar. 16, 1999).

Against this backdrop, we do not hesitate to say that this appeal strikes us as frivolous. For that reason, we direct S Industries to show cause within 21 days why sanctions for filing a frivolous appeal should not be imposed under Rule 38 of the Federal Rules of Appellate Procedure.

For the reasons set forth above, we AFFIRM the judgment of the trial court.

FOOTNOTES

/1
We note that this is not the first time S Industries has employed such tactics. See S Indus. v. Diamond Multimedia Sys., Inc., 17 F. Supp. 2d 775 (N.D. Ill 1998) (Anderson, J.) (claimant's trademark registrations unrelated to alleged infringers'

products, awarding attorneys fees of $193,558, where plaintiff's claims were frivolous); S Indus., Inc. v. Stone Age Equip., Inc., 12 F. Supp. 2d 796, 819 (N.D. Ill. 1998) (Castillo, J.) (defendants' allegedly infringing products--shoes and shoe-related products--not listed in SI's registration mark; awarding attorneys fee for oppressive suit where "SI offered highly questionable [and perhaps fabricated] documents; testimony from its principal that was inconsistent, uncorroborated, and in some cases, demonstrably false; affidavits from career SI witnesses; and otherwise utterly inadequate evidence"); S Indus., Inc. v. JL Audio, Inc., 29 F. Supp. 2d 878 (N.D. Ill. 1998) (Coar, J.) (no likelihood of confusion between expensive customized car audio equipment and claimant's cheap, off-the-shelf, sporting goods; plaintiff offered no evidence of continuous commercial use of its mark on related goods); S Indus., Inc. v. Hobbico, Inc., 940 F. Supp. 210 (N.D. Ill. 1996) (Shadur, J.) (complaint deficient where registration did not include defendant's product--fishing tackle floaters, issuing sua sponte order to show cause why Rule 11 sanctions not warranted).

/2 In his February 2 order, Magistrate Judge Ashman noted that this argument had already been rejected by Judge Lindberg and held that "[t]here has never been a settlement agreement between the parties regarding this lawsuit. The parties did reach an agreement before the Patent and Trademark Office ("PTO"), but it had nothing to do with this lawsuit. . . . The so-called 'settlement agreement' Plaintiff refers to is a document drafted by the President of S Industries, Mr. Leo Stoller, a non-lawyer, and signed by him only . . . . Plaintiff's argument that the 'entire disputes' language in a motion before an administrative tribunal signed only by Plaintiff applies to this lawsuit is so entirely without merit that it warrants no further discussion."