Carley GRACIE, an individual; Gracie U.S.A., a California corporation, Plaintiffs-counter-defendants—Appellants,

v.

SEMAPHORE ENTERTAINMENT GROUP, Defendant–Appellee,

Rorion Gracie; Brajitsu, a California corporation; W.O.W. Promotions, Defendants-counter-claimants—Appellees.

No. 01–15044.

D.C. No. CV–94–04156–SC.

United States Court of Appeals, Ninth Circuit.

Argued and Submission Deferred Feb. 13, 2002.

Resubmitted Aug. 20, 2002.

Decided Dec. 3, 2002.

Before WALLACE, KOZINSKI and
PAEZ, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

## MEMORANDUM *

After we determined in a prior opinion in this case that the district court did not abuse its discretion by awarding attorney's fees to Defendants for prevailing on their Triangle Design logo trademark claim, we remanded "to permit the district court to make more detailed findings relating to the total amount and reasonableness of the fees awarded, according to the principles set forth in th[at] opinion." *Gracie v. Gracie*, 217 F.3d 1060, 1072 (9th Cir.2000). On remand, the district court awarded Defendants $558,214.59 in attorney's fees and costs. We reverse and remand for further proceedings.

First, the district court did not explain its decisions on apportionment between Lanham and non-Lanham Act claims and between claims on which Defendants prevailed and those on which they did not. In our prior opinion, we directed the district court either to "attempt an apportionment or to make findings that apportionment would be impossible." *Id.* at 1070. In determining that apportionment between Lanham and non-Lanham Acts claims was impossible, the district court should have considered each non-Lanham Act claim and determined whether the factual and legal bases were substantially identical to the Lanham Act claims such that apportionment between these claims would be impossible. For example, it is unclear how Plaintiffs' claim for interference with prospective business relationship overlaps factually or legally with the Lanham Act claims.

The district court also did not provide any reason for the 10 percent fee reduction to account for fees expended on claims on which Defendants did not prevail. Although an across-the-board fee reduction

of this circuit except as provided by Ninth Circuit Rule 36–3.

does not alone constitute an abuse of discretion, see *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir.1993), a district court must provide some explanation for the chosen percentage reduction. *Cf. Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1150 (9th Cir.2001) (per curiam) (addressing an across-the-board fee reduction to account for excessive hours and suggesting that, at a minimum, the district court should review a sample of the time records to demonstrate how it arrived at its fee reduction).

■ Second, the district court erred in its calculation of the lodestar amount. In determining the total amount of fees, the district court relied only on the hourly rates of the attorneys and paralegals who worked on the case. The court should have required Defendants to produce "satisfactory evidence, in addition to the affidavits of [their] counsel, that the requested rates [we]re in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir.1987).

The district court also failed to discuss any of the *Kerr* factors in determining whether to adjust the lodestar amount. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir.1975). Although a district court is not required to analyze every *Kerr* factor, "the need for meaningful review requires remand where, as here, the record on appeal fails to indicate which, if any, of the *Kerr* guidelines were considered." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 838–39 (9th Cir.1982). The district court should have addressed, at a minimum, the "extent of success" factor. *See McGinnis v. Ky. Fried Chicken of Cal.*, 51 F.3d 805, 810 (9th Cir.1995) (holding that an attorney's fee award must be "reasonable in relation to the success achieved" (quoting *Hensley v. Eckerhart*,

461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983))). Defendants apparently sought $1.3 million at trial but were awarded only $108,000. In our prior opinion, we noted that the fee award was a "substantial one, almost six times the size of the damages awarded to [Defendants]." *Gracie*, 217 F.3d at 1069.

Third, although the district court was not required to expressly rule on each one of Plaintiffs' objections to Defendants' fee request, *McGrath v. County of Nev.*, 67 F.3d 248, 255 (9th Cir.1995), Plaintiffs raised serious questions about several issues that the district court should have addressed, including (1) whether there was duplication of work, *see Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary ...."); *cf. McGrath*, 67 F.3d at 255 ("[T]he participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort." (internal quotation marks omitted)); (2) whether some of the invoices included fees that were not charged to the client, *see Hensley*, 461 U.S. at 434 (holding that fees are not recoverable for work for which the client could not be charged); and (3) whether the use of block-billing and overly generalized descriptions of tasks performed requires a reduction in the fee award.

■ Finally, the district court abused its discretion when it failed to determine whether the $39,206.93 in expenses was reasonable. *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir.1990) (explaining that reasonable expenses are permitted as part of a fee award).

REVERSED AND REMANDED.

WALLACE, Senior Circuit Judge, concurring in part and dissenting in part.

I concur with the majority that the district court abused its discretion in calculating the lodestar amount, in its failure to discuss the *Kerr* factors, and its failure to determine whether the $39,206.93 in expenses are reasonable. I also believe that the district court abused its discretion in failing to explain how it reached the $620,238.43 amount, as the calculation of the hours expended at the hourly rates in its opinion would amount to $462,631.50. I, too, would therefore remand to permit the district court to make more detailed findings relating to the total amount and reasonableness of the fees and expenses awarded.

I dissent, however, from the majority's conclusion that the district court did not adequately explain its decisions on apportionment between the Lanham and non-Lanham Act claims and between claims on which the defendants Rorion Gracie, et al. (Rorion), prevailed and those on which it did not. I also believe we should address some arguments made in briefs by plaintiffs Carley Gracie, et al. (Carley).

On the first appeal, we directed the district court to apportion, attempt to apportion, or make findings that apportionment between Lanham Act claims and non-Lanham Act claims would be impossible. *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir.2000) (*Gracie I*). This the district court did. The majority now wants the district court to list each non-Lanham Act claim and its factual and legal bases. Presumably, the majority believes that these findings are necessitated by *Gracie I*. I disagree. We know just as well as the district court the factual and legal bases for each claim. The majority cites no support for its request for a detailed list of these findings. It does not even cite a policy justification for this additional requirement.

The meaning of *Gracie I*'s request should be read against the backdrop of then-existing legal principles. The natural start is *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), which applies in all cases in which Congress authorized an award of fee to a prevailing party. *Id.* at 433 n. 7; *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901 n. 2 (9th Cir.1995). *Hensley* recognized that when claims involve a "common core of facts" or are based on "related legal theories," it is difficult to apportion the hours expended on a claim-by-claim basis. *Hensley*, 461 U.S. at 435. The Court emphasized that the district court's discretion in determining the amount of the fee award "is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id.* at 437. The district court must provide a "concise but clear explanation of its reasons for the fee award." *Id.* The majority ignores the word "concise" and asks the district court to give a lengthy exposition on the legal and factual bases of every claim, even though we already have this information at our fingertips.

Pursuant to the direction of *Gracie I*, the district court made findings that apportionment was impossible. It found that the Lanham Act claims and the non-Lanham Act claims were inextricably intertwined. The legal requirements and the facts underlying the claims were substantially identical. This is all *Gracie I* required. Its explanation need not be elaborate, nor is reversal appropriate merely because the district court was not as clear as we would have liked. Its explanation gives us enough indication of how it exercised its discretion, and reversal is improper. *See, e.g., Cunningham v. County of Los Angeles*, 879 F.2d 481, 485 (9th Cir. 1988). *Gracie I* did not require the dis-

trict court to make such detailed findings so as to save us the effort of looking at the law and the complaint.

Carley inadequately argues that the district court abused its discretion in finding that the non-Lanham Act claims were inextricably intertwined with the Lanham Act claims. Carley asserts that the various claims are independent of one another and refers to its arguments made in 1998, when it contended that all the claims do not have a "common core of facts" and cited to ways in which the Gracie Jiu–Jitsu claim differs from the false advertising claim and ways the false advertising claim differs from the Triangle Design logo claim. However, Carley concedes that these claims are Lanham Act claims. Carley has failed to point to a single factual or legal element that would permit the district court to apportion the fees on some basis other than rank speculation.

I also dissent from the majority's conclusion that the district court did not provide any reasons for the ten percent fee reduction, because it did provide reasons. The district court found that approximately ten percent of the time and expenses were spent solely on the Gracie Jiu–Jitsu claim, and that ten percent was a fair approximation. The district court therefore reduced Rorion's fee award by ten percent. The majority's assertion that the district court did not provide "any reason" for the reduction is simply wrong.

It is difficult to discern what would satisfy the majority opinion. Certainly the district court need not list and analyze every hour spent. I conclude that the district court satisfied its obligation to provide a reasonable explanation for its ten percent reduction. That is all that is necessary. *See Schwarz v. Sec'y of Health and Human Servs.,* 73 F.3d 895, 904–05 (9th Cir.1995) (district court did not abuse its discretion in excluding seventy-five per-

cent of the attorneys' fees, where it reasoned that since one of four claims succeeded, approximately twenty-five percent of the hours were spent solely on the one remaining claim); *Harris v. Marhoefer,* 24 F.3d 16, 18–19 (9th Cir.1994) (district court did not abuse its discretion in reducing fees by fifty percent; though the prevailing party succeeded on the merits, it did not obtain the relief requested).

The majority is not helped by *Ferland v. Conrad Credit Corp.,* 244 F.3d 1145 (9th Cir.2001). In *Ferland,* the district court reduced the compensable hours by more than half, asserting a lack of complexity in the case and the attorney's inefficiency and inexperience. *Id.* at 1147. The district court did not sample the time records to determine if there was a pattern of inefficiency. *Id.* at 1150. Additionally, the district court "did not explain at all the particular level of reduction—from 261.2 to 120 hours—chosen." *Id.* at 1151. For these reasons, we remanded the issue of attorneys' fees to the district court. *Id.* at 1152. The majority cites *Ferland* as "suggesting that, at a minimum, the district court review a sample of the time record to demonstrate how it arrived at its fee reduction." This oversimplifies *Ferland. Ferland* required the district court to conduct some analysis as to why a reduction was appropriate in the first place and required this analysis include a sample of the time entries. However, the district court here need not sample time records to determine that Carley prevailed on a claim; *Gracie I* already told the district court that Carley prevailed. Moreover, the district court here, unlike the district court in *Ferland,* explained its particular level of reduction. Thus, the majority misses the mark on its reasoning.

By not commenting on several arguments Carley raised in its briefs, the majority apparently decided they were with-

out merit. I agree, but believe they should be addressed.

Carley argues that Rorion may recover its attorneys' fees incurred only in the claims predicated on the jury's verdict of willful infringement, i.e., Rorion may recover attorneys' fees only from his successful prosecution of his counterclaim for infringement of the Triangle Design logo. Carley argues that the district court erroneously proceeded on the assumption that Rorion may recover attorneys' fees for all his activities on all the Lanham Act claims except his unsuccessful Lanham Act claim for infringement of the invalid Gracie Jiu–Jitsu mark.

However, Carley incorrectly assumes that Rorion's fee award is based solely on Carley's willful infringement. The district court based the award on Carley's pursuing meritless claims and engaging in dilatory litigation conduct, as well as its willful infringement. Whether these underlying facts may support an award of attorneys' fees is reviewed de novo. *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 479 (9th Cir.1998).

Attorneys' fees under the Lanham Act may be awarded if the non-prevailing party's case is groundless, unreasonable, vexatious, oppressive, *or* pursued in bad faith. *Gracie I*, 217 F.3d at 1071. Pursuing meritless claims alone may justify attorneys' fees under the Act. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002) (groundless false advertising claim justifies attorneys' fees under Lanham Act); *S Indus., Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir.2001) ("Based solely on the weakness of S Industries' claims, Judge Lindberg acted well within his discretion in granting attorneys fees"). Additionally, other circuits have approved fee awards based upon attorneys' dilatory litigation conduct, as it is oppressive. *S Indus.*, 249 F.3d at 627–28 (award of attor-

neys' fees was warranted where S Industries added to the cost and aggravation of the litigation by failing to respond to discovery requests, failing to properly serve or sign motions, and failing to satisfy the local rules of the district court); *Securacomm Consulting Inc. v. Securacom Inc.*, 224 F.3d 273, 282 (3rd Cir.2000) (vexatious litigation tactics and stalling can support a fee award under the Lanham Act); *Finance Inv. Co. (Bermuda) Ltd. v. Geberit AG*, 165 F.3d 526, 533–34 (7th Cir.1998) (protracted discovery disputes render the litigation oppressive to justify attorneys' fees).

Carley's pressing meritless claims rendered his entire case exceptional. As the district court found, "Not a single hour of the trial of this action was devoted to presentation of plaintiffs' claims." Additionally, the district court ruled that attorneys' fees were justified because of "the conduct of the plaintiffs' attorney throughout this entire litigation." Because the dilatory conduct infected the entire suit, and the meritless claims infected Carley's entire case, Carley's argument that the fee award must be limited to those claims predicated on willful infringement is without merit.

*Gracie I* did not establish that Rorion may recover attorneys' fees solely because of Carley's willful infringement. In *Gracie I*, Carley argued that the district court abused its discretion in awarding Rorion attorneys' fees for his Triangle Design logo claim. *Gracie I*, 217 F.3d at 1068. To succeed, Carley must prove that the district court clearly erred in finding that the patent infringement was willful, that its claims were meritless, *and* that its attorneys' conduct was dilatory. *Gracie I* rejected Carley's argument that the jury's finding of willful infringement does not justify the award. *Id.* at 1068–69. Once Carley failed to prove that the district

court clearly erred in finding that the infringement was willful, it was unnecessary for *Gracie I* to consider the other bases for the fee award under the Lanham Act. Thus, *Gracie I* did not decide whether the award can also be justified by Carley's meritless claims and dilatory conduct.

Carley also argues on appeal that *Gracie I*'s cancellation of Rorion's "Gracie Jiu-Jitsu" mark renders the case no longer exceptional for purposes of attorneys' fees under the Lanham Act. However, *Gracie I*'s remand to the district court to apportion the entire fee award forecloses this argument. *Gracie I* remanded to the district court to apportion the $620,000 fee award between Lanham and non-Lanham Act claims, and between those which Rorion prevailed and failed. *Gracie I*, 217 F.3d at 1071. In remanding to the district court the entire fee award for apportionment, *Gracie I* decided, by necessary implication, that the district court did not clearly err in deciding that the case was exceptional. A court can only apportion an award if it did not abuse its discretion in deciding to award it. Under the law of the case doctrine, we cannot address Carley's argument because it was decided, by necessary implication, in *Gracie I*.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.