Carley GRACIE, an individual;  and Gracie USA, a California corporation, Plaintiffs–Appellants,

v.

Rorion GRACIE;  Brajitsu, a California corporation;  W.O.W.  Promotions; and Semaphore Entertainment Group, Defendants–Appellees.

No. 04–15014.

D.C. No. CV–94–04156–SC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2005.

Decided Nov. 14, 2005.

Ann McFarland Draper, Esq., San Francisco, CA, for Plaintiffs–Appellants.

David J. Cook, Esq., Cook, Perkiss & Lew, Timothy F. Perry, Esq., Perry and Associates, Paul W. Vapnek, Esq., Townsend & Townsend & Crew, LLP, San Francisco, CA, for Defendants–Appellees.

Before TROTT, RYMER and PLAGER,* Circuit Judges.

## MEMORANDUM **

The issue of attorneys' fees in this case is before us for the third time. On remand from our second decision, *Gracie v. Semaphore Entm't Group,* 52 Fed.Appx. 43 (9th

---

\* The Honorable S. Jay Plager, Senior Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Cir.2002) ("*Gracie II*"), the district court awarded Appellees $462,442.46 in attorneys' fees and costs. Reviewing the award of attorneys' fees for abuse of discretion, *Horphag Research Ltd. v. Pellegrini*, 337 F.3d 1036, 1042 (9th Cir.2003), we affirm in part and refer the remaining issues to the Ninth Circuit Settlement Unit.

■ The district court did not abuse its discretion in finding that Appellants' Lanham Act Claims and non-Lanham Act claims were inextricably intertwined such that apportionment of fees is impossible. In accordance with our instructions in *Gracie II*, the district court properly considered whether the factual and legal bases of each non-Lanham Act claim were substantially identical to those of the Lanham Act claims as part of its analysis.

■ The district court did not abuse its discretion in making a 10% reduction of the total fee award to account for Appellants' successful defense against Appellees' trademark infringement counterclaim. As directed by this court in *Gracie II*, the district court adequately explained how it arrived at the 10% figure.

In its lodestar calculation, the district court did not abuse its discretion in determining that the rates charged by the law firm retained by Appellees were reasonable, with the exception of the paralegal fees. The affidavit relied on by the district court gives an opinion only as to the reasonableness of the attorneys' rates; it does not discuss the rates charged for work performed by the paralegals.

Finally, the district court did not abuse its discretion in determining that the *Kerr* factors did not warrant an adjustment in the lodestar amount. *See Kerr v. Screen*

---

*Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir.1975).

The remaining issues raised by Appellants are referred to the Settlement Unit in accordance with the order filed contemporaneously with this memorandum disposition.

AFFIRMED IN PART.